IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KELVIN D. BEARD,

    Petitioner,

v.

STATE OF OHIO,

    Respondent.

JUDGE GREGORY L. FROST
MAGISTRATE JUDGE ELIZABETH P. DEAVERS
CASE NO. 2:11-cv-823
CRIM. NO. 2:09-cr-00033

**OPINION AND ORDER**

On January 23, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations. This matter is before the Court on Petitioner's motion to construe his filings as separate § 2255 petitions (ECF No. 101) and his *Reply* (ECF No. 102), which the Court construes as objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, Petitioner's motion (Doc. 101) is **DENIED.** His objections (Doc. 102) are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Petitioner's request for an evidentiary hearing is **DENIED**. This action is hereby **DISMISSED.**

**SUPPLEMENTAL § 2255 MOTION**

On October 23, 2012, Petitioner filed what has been docketed as his *Reply* to Respondent's *Response* to his September 14, 2013, § 2255 petition. (ECF No. 101.) In it, Petitioner asks the Court to allow the writ he attaches to be a separate § 2255 petition. He indicates that he intended this filing to be a new § 2255 petition because he was under the impression that his § 2255 petition filed on September 14, 2013 had been dismissed after he had

1

filed a premature notice of appeal in the United States Court of Appeals for the Sixth Circuit. In his October § 2255 petition, Petitioner asserts that he was denied effective assistance of counsel because his attorney failed to consult with him regarding the filing of a notice of appeal, and failed to pursue a timely appeal on his behalf. Petitioner alleges that he indicated at his sentencing hearing that he did not want the Court to file a notice of appeal on his behalf only on the advice of his attorney. Petitioner maintains his attorney told him he would handle the appeal later. PageID #366. Thereafter, Petitioner indicates that he was unable to contact his attorney who failed to respond to telephone calls or a letter from Petitioner and Tamiko Brown, who purportedly attempted to contact defense counsel on numerous occasions. *See id.* Petitioner further indicates that he wanted to file an appeal of his sentence which he contends was improperly enhanced based on his leadership role in the offense, use of a firearm, and career criminal status. PageID #368-69. In support of these allegations, Petitioner attaches affidavit from Tamiko Brown indicating in relevant part that she spoke with Attorney Weisman, who advised her that he would handle Petitioner's appeal. Ms. Brown also avers that she was unable to contact Petitioner by telephone after sentencing, and that, to her knowledge, Petitioner did not speak with defense counsel after his sentencing hearing until May 2010 when he appeared for a re-sentencing hearing. *Affidavit of Tamiko E. Brown*, PageID #376-77. Petitioner also has attached documents relating to his prior 1998 conviction in the State of Georgia on a charge of possession of marijuana with intent to distribute, which he contends the Court improperly used to enhance his sentence in this case.

Petitioner's motion to construe his October 23, 2012 as a new § 2255 petition (ECF No. 101) is **DENIED.** Because Petitioner's September 11, 2012 motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 remained pending at the time Petitioner filed what

2

purports to be a second § 2255 petition, such filing should have been construed as a request to amend his initial § 2255 petition. *See Motley v. Rapelje*, No. 10-cv-13132, 2011 WL 4905610, at *1 (E.D. Mich. Oct. 13, 2011)("If a *pro se* habeas corpus petition is filed while an earlier petition is still pending in the district court, the district court must construe the second petition as a motion to amend the first petition.")(citing *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008)(cited with approval in *In re Juan E. Fitchett*, No. 10-2045 (6th Cir. June 6, 2011)(unpublished)). Moreover, this Court cannot grant Petitioner's request to treat his October filing as a new § 2255 Petition for the additional reason that this Court is without jurisdiction to consider a second, or successive § 2255 petition absent authorization from the United States Court of Appeals for the Sixth Circuit. *Nelson v. United States,* 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir. 1997); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) ( *per curia*).[1]

Thus, the Court construes Petitioner's October 23, 2012 filing (ECF No. 97) as a Supplement to his original § 2255 Petition. The Clerk is **DIRECTED** to revise the text on the Court's docket to reflect that the filing is not a Reply but instead is a **SUPPLEMENTAL PETITION UNDER 28 U.S.C. § 2255**. The Court takes Petitioner's Supplemental Petition into consideration in rendering this final decision in this case.

---

[1] Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

**OBJECTIONS**

For the reasons set forth in the Magistrate Judge's *Report and Recommendation,* and in the discussion that follows rejecting the objections to the Magistrate Judge's recommendation of dismissal of this action as time-barred, Petitioner's September 11, 2012, as well as his October 23, 2012 Supplemental Petition are untimely and barred by the one-year statute of limitations.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as time-barred. He contends that equitable tolling of the statute of limitations is warranted and this action is timely because he could not have earlier discovered the basis for his claims of ineffective assistance of counsel in view of his *pro se* incarcerated status, lack of education and limited access to the prison's law library.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. Petitioner's arguments are not persuasive.

Under the doctrine of equitable tolling, a federal habeas court may toll the running of the statute of limitations "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Holland v. Florida,* -- U.S. --, 130 S.Ct. 2549, 2560 (2010). "[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61. In order to obtain equitable tolling of the statute of limitations, the Petitioner must

establish both that he has diligently pursued his rights and that "some extraordinary circumstance" prevented his timely filing. *Hall v. Warden*, *Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011)(citations omitted). Petitioner's *pro se* incarcerated status and limited access to the prison's law library do not constitute extraordinary circumstances justifying equitable tolling of the statute of limitations. *See Lathan v. Warden Southeastern Correctional Inst.,* No. 2:11-cv-302, 2012 WL 368048 (S.D. Ohio Feb. 3, 2012)(reaching same conclusion).

Likewise, the record fails to reflect that Petitioner was unable to discover the factual predicate for his claims of ineffective assistance of counsel such that this action is timely under 28 U.S.C. § 2244(d)(1)(D). Under that provision, the statute of limitations does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." "[T]he time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner." *Webb v. Wolfenbarger*, No. 2:08–12692, 2009 WL 369482, at *3 (E.D. Mich. Feb.11, 2009) (citing *Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich.2003). Additionally, the time period under § 2244(d)(1)(D) begins to run when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the facts' legal significance. *Id*. Here, as noted by the Magistrate Judge, Petitioner's judgment of conviction was October 22, 2009. He waited more than one year and two months later, until September 14, 2011, to file his habeas corpus petition. Petitioner's allegation that he was unable to discover the basis for his claims of ineffective assistance of counsel until that time is without any support in the record.

Petitioner's motion to construe his filings as separate § 2255 petitions (Doc. 101) is **DENIED.**  His objections (Doc. 102) are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  Petitioner's request for an evidentiary hearing is **DENIED**.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

                                           **/s/  Gregory L. Frost**
                                           GREGORY L. FROST
                                           United States District Judge